**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. | No. 09-md-2096-PHX-FJM <br><br> **ORDER** |
| THIS DOCUMENT RELATES TO: <br><br> Adjal et al. v. Matrixx Initiatives Inc. et al., <br> CV-10-0729, <br><br> Adams, et al v. Matrixx Initiatives, Inc. et al., <br> CV-09-1529, <br><br> Vance v. Matrixx Initiatives, Inc. et al., <br> CV-10-1637. | |

We have before us defendants' "Motion to Dismiss For Plaintiffs' Failure To Comply With Court-Ordered Discovery" (doc. 1162), two responses from plaintiffs (docs. 1320 & 1352), and defendants' reply (doc. 1332). We also have defendants' "Status Report re: Defendants Motion to Dismiss" (doc. 1339), indicating that all but ten plaintiffs subject to defendants' motion agreed to settle their personal injury claims. Therefore, this order applies only to the ten remaining plaintiffs, who are part of three different actions: Adjal et al. v. Matrixx Initiatives Inc. et al., CV-10-0729; Adams, et al v. Matrixx Initiatives, Inc. et al., CV-09-1529; and Vance v. Matrixx Initiatives, Inc. et al., CV-10-1637.

We have a response from the remaining plaintiffs in the Adams action (doc. 1320).

1  We earlier struck a response from the Adjal plaintiffs for failure to comply with our case
2  management order (doc. 1202). See Order on Defendants' Motion to Dismiss (doc. 1215).
3  The Adjal plaintiffs later filed an untimely response to defendants' motion (doc. 1352).
4  Plaintiff Christopher Vance did not respond to defendants' motion.

**I**

6  Our Case Management Order 2 ("CMO") requires every personal injury plaintiff to
7  complete a plaintiff fact sheet ("PFS"), and return it within forty-five days of receipt (doc.
8  398). If a plaintiff fails to serve a completed PFS, the CMO requires defendants' lead
9  counsel to send a warning letter to plaintiff's counsel requesting compliance within fifteen
10 days. If plaintiff does not then respond, defendants may move for appropriate relief. In
11 addition, defendants have propounded one interrogatory and two requests for admission on
12 whether plaintiffs "sniffed" the Zicam product.

13 Pursuant to Rule 37, Fed. R. Civ. P., we may dismiss an action where a party fails to
14 obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). "Dismissal is a harsh penalty and
15 is to be imposed only in extreme circumstances." Malone v. U.S. Postal Service, 833 F.2d
16 128, 130 (9th Cir. 1987). When deciding whether to dismiss an action for failure to comply
17 with court-ordered discovery, we consider five factors: "(1) the public's interest in
18 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
19 prejudice to the defendants; (4) the public policy favoring disposition of cases on their
20 merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA)
21 Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). Moreover, an MDL
22 court's discretion is broadened by the number and complexity of actions before it, and its
23 responsibility to "promote the just and efficient conduct of actions that are coordinated or
24 consolidated for pretrial purposes." Id. at 1252.

25 After defendants filed their motion, the six Adjal plaintiffs cured their deficiencies.
26 Adjal Response at 4 (doc. 1352). One of the two Adams plaintiffs, Carl Schabl, has also
27 complied with discovery requests, while deficiencies remain as to the two other Adams
28 plaintiffs, Glen Dunn and Russell Hill. See Adams Response at 4 n.7 (doc. 1320). Plaintiff

Christopher Vance has not fulfilled his discovery obligations.

## II

### A

We grant defendants' motion to dismiss as to plaintiff Christopher Vance. He has neither complied with court-ordered discovery nor responded to defendants' motion to dismiss.[1] Because he has failed to prosecute and comply with court orders, we dismiss his case with prejudice, pursuant to Rule 41(b), Fed. R. Civ. P.

### B

Plaintiffs Glen Dunn and Russell Hill concede that they are still not in compliance. See Adams Response at 4 n.7 (doc. 1320). Both plaintiffs submitted amended PFSs, but in response to many of the fact sheets' questions, plaintiffs state only "will supplement." Reply to Motion to Dismiss, ex. D-3, "Amended Dunn PFS" (doc. 1334-4) & ex. F-3, "Amended Hill PFS" (doc. 1334-4). Plaintiffs filed their complaint on April 15, 2010, see Adams Complaint (doc. 260). Defendants' motion to dismiss has been pending since November 19, 2010.  Additionally, after receiving the amended PFSs, defendants again requested that plaintiffs supplement their submissions, but apparently to no avail. See Reply to Motion to Dismiss, exs. D-4 & F-4 (doc. 1334-4).

The five factor analysis for motions to dismiss for failure to comply with court-ordered discovery favors dismissal of plaintiffs' claims. The first two factors, the public's interest in expeditious resolution of litigation and our need to manage our docket, require at the very least that plaintiffs explain the ongoing delay and give the court and defendants an indication of when they will complete their discovery. Even as of this late date, plaintiffs have offered no such information. The risk of prejudice to the defendants, factor three, is now significant.  The deadline for dispositive motions is rapidly approaching,  and

---

[1] We previously granted a motion to withdraw for counsel for plaintiff Christopher Vance (doc. 1161).  Former counsel explained that they made repeated attempts to contact plaintiff regarding the need to comply with defendants' discovery requests, and that plaintiff was non-responsive.

1    defendants are entitled to factual information about each plaintiff in order to present their
2    case on summary judgment. Because we do not know when or if plaintiffs will comply with
3    our orders, the fourth and fifth factors are not applicable. Public policy favors disposition
4    on the merits, but plaintiffs' continuing failure to fulfill their discovery options suggests that
5    may never be possible. We cannot assess the availability of less drastic sanctions in the
6    absence of any affirmation that plaintiffs will comply with our orders prior to the deadline
7    for dispositive motions. We therefore grant defendants' motion to dismiss the claims of
8    plaintiffs Glen Dunn and Russell Hill with prejudice.

**C**

10   We deny defendants' motion as to all plaintiffs who have cured their discovery
11   deficiencies. These include the six remaining Adjal plaintiffs, and plaintiff Carl Schnabl of
12   the Adams action. We again consider five factors. First, because plaintiffs have cured their
13   discovery deficiencies, resolution of plaintiffs' actions on the merits is now possible.
14   Second, while we are troubled by plaintiffs' delay in complying with court-ordered
15   discovery, in this instance it does not interfere with our ability to manage our docket. The
16   parties do not need any modifications to our Rule 16 deadlines, and the just and efficient
17   resolution of this MDL remains on schedule.
18   Third, we acknowledge that plaintiffs' eventual compliance does not obviate all
19   prejudice to defendants. However, plaintiffs have provided the required discovery at least
20   soon enough to avoid impairing "defendant[s'] ability to go to trial or threaten to interfere
21   with the rightful decision of the case." In re Phenylpropanolamine, 460 F.3d at 1227.
22   Plaintiffs' belated compliance is not the kind of last-minute production that would warrant
23   dismissal of their claims. See Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69
24   F.3d 337, 354 (9th Cir. 1995). We note that the complexities of an MDL heighten the
25   possibility of prejudice to defendants, although we assume the agreed-upon settlement of the
26   majority of the actions in this MDL has alleviated some pressure on defendants. While
27   plaintiffs' failure to explain their delay means that defendants are not required to demonstrate
28   actual prejudice, we note that defendants have not suggested that the delay has caused a loss

of evidence or memory.  See In re Phenylpropanolamine, 460 F.3d at 1228 ("Prejudice normally consists of loss of evidence and memory; it may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself.") (citations omitted).  Defendants have clearly expended significant (and avoidable) time and expense in obtaining complete discovery from the plaintiffs subject to this motion.  However, added expense alone does not outweigh the public policy in favor of disposition of plaintiffs' cases on the merits, the fourth factor.  Plaintiffs' (belated) compliance enables defendants to address the substance of the claims.  The alternative sanction of an award of fees and costs is adequate.  Defendants may file a motion no later than ten days after the entry of this order, and no longer than five pages, detailing the fees and costs reasonably attributed to the six Adjal plaintiffs and Carl Schnabl of the Adams action.

### III

Therefore, **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendants' "Motion to Dismiss Case For Plaintiffs' Failure To Comply With Court-Ordered Discovery" (doc. 1162).  **IT IS ORDERED GRANTING** defendants' motion as to plaintiffs Christopher Vance, Glen Dunn, and Russell Hill.  **IT IS ORDERED DENYING** defendants' motion as to plaintiffs Mahieddine Adjal, Joseph D'Amico, Jr., Krista Edwards, Kevin Murray, Diane Nygard, Joseph Rubbo, and Carl Schnabl.  **IT IS FURTHER ORDERED DISMISSING** with prejudice Vance v. Matrixx Initiatives, Inc. et al., CV-10-1637, and plaintiffs Glen Dunn and Russell Hill, in Adams v. Matrixx Initiatives, Inc., et al., CV-09-1529.

DATED this 24th day of February, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge